Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 4475 | **DATE** | 1/30/2003 |
| **CASE TITLE** | Mirmingos vs. Benjamin | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order affirming the order of the bankruptcy court dismissing the adversary complaint. Mr. Benjamin's request for attorneys' fees is denied. Any pending motion in this case is terminated as moot. Ruling on the appeal set for 2/7/03 is also vacated.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | **7** number of notices | **Document Number** |
| | No notices required. | | |
| ✓ | Notices mailed by judge's staff. | JAN 31 2003 date docketed | |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | | 18 |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 1/30/2003 date mailed notice | |
| MPJ | courtroom deputy's initials | MPJ mailing deputy initials | |
| | Date/time received in central Clerk's Office | | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

DINO MIRMINGOS,)
)
Plaintiff,)
)
v.)
) No. 02 C 4475
REGINALD BENJAMIN,)
)
Defendant.)
)
)

## MEMORANDUM OPINION AND ORDER

Plaintiff Dino Mirmingos filed an adversary complaint in defendant Reginald Benjamin's Chapter Seven bankruptcy proceeding before Judge Wedoff. Mr. Benjamin filed a motion to dismiss the complaint as untimely filed, which Judge Wedoff granted. Mr. Mirmingos appealed, and I remanded to the bankruptcy court for reconsideration in light of *In re Kontrick,* 295 F.3d 724 (7th Cir. 2002). Upon reconsideration, Judge Wedoff affirmed his earlier granting of the motion to dismiss and Mr. Mirmingos' appeal was reinstated. I now affirm the bankruptcy court's decision granting defendant's motion to dismiss.

Bankruptcy Rules 4004 and 4007 state that a complaint filed in a Chapter Seven bankruptcy proceeding must be filed within sixty days of the creditors' meeting. Those rules also state that the bankruptcy judge may grant an extension of time if a motion for extension is filed before the expiration of the sixty day deadline.

Bankruptcy Rule 9006 indicates that there is no other method for extending the deadlines in Rules 4004 and 4007. Here, the parties do not dispute that the deadline for filing a complaint expired on April 5, 2002, and that Mr. Mirmingos filed his complaint on April 10, 2002. Following Mr. Mirmingos' April 10 filing, Mr. Benjamin filed a motion to dismiss the complaint as untimely. Judge Wedoff granted the motion in a hearing on May 16, 2002, taking a plain meaning approach and noting that "it is a black and white rule" that he could not retroactively extend the time for filing a complaint. (Tr. of May 16 Proceedings at 4-5.)

While this case was originally on appeal before me, the Seventh Circuit handed down its decision in *Kontrick*, which held that the timeliness provisions in Bankruptcy Rules 4004 and 4007 are not jurisdictional, and are therefore subject to equitable defenses. 295 F.3d at 733. On reconsideration in light of *Kontrick*, Judge Wedoff in a hearing affirmed his earlier dismissal of the case, finding no equitable grounds justifying a deviation from the language of the rules in this case. (Tr. of Nov. 12 Proceedings at 9.) I review a bankruptcy court's legal conclusions *de novo*. *In re Yonikus*, 996 F.2d 866, 868 (7th Cir. 1993).

Mr. Mirmingos claims two equitable defenses to Mr. Benjamin's assertion of untimely filing: unclean hands and estoppel. The original dispute between the parties arose from Mr. Benjamin's allegedly defrauding Mr. Mirmingos with respect to investments in

2

various business ventures. Mr. Mirmingos filed a complaint against Mr. Benjamin in DuPage County, which the parties allegedly agreed to settle. Mr. Mirmingos claims that Mr. Benjamin entered into the settlement agreement in bad faith, and has since been jumping from forum to forum, employing various procedural devices to delay enforcement of the settlement. These tactics include filing for bankruptcy under Chapter Thirteen and, when that was unsuccessful, filing for bankruptcy under Chapter Seven, the proceeding before Judge Wedoff. In asserting the equitable defenses of unclean hands and estoppel, Mr. Mirmingos argues that Mr. Benjamin should not be allowed to benefit from his alleged fraud on Mr. Mirmingos and various state and federal courts. Even if all of Mr. Mirmingos' allegations are true, however, application of the doctrines of unclean hands or estoppel here is not appropriate. Mr. Benjamin's alleged behavior has nothing to do with Mr. Mirmingos' failure to timely file his adversary complaint or a motion for extension. While Mr. Mirmingos asserts that he did not receive timely notification of Mr. Benjamin's Chapter Seven bankruptcy filing, he does not claim that this failure to receive notification was in any way caused by or related to Mr. Benjamin's alleged misconduct or any other misrepresentations by Mr. Benjamin. The doctrines of unclean hands and estoppel simply do not apply here. *See Shondel v. McDermott*, 775 F.2d 859, 869 (7th Cir. 1985) ("[O]rdinarily, the clean hands doctrine only applies when there is a direct nexus

between the bad conduct and the activities sought to be enjoined."); *Lewis v. Washington,* 300 F.3d 829, 834 (7th Cir. 2002) ("[T]he party claiming estoppel must show: (1) a misrepresentation by the opposing party; (2) reasonable reliance on that misrepresentation; and (3) detriment.").

In addition to the equitable defenses of unclean hands and estoppel, Mr. Mirmingos argues that his late filing is justified by "excusable neglect." This argument is also unavailing. The "excusable neglect" standard is used to determine whether late filings may be permitted according to Bankruptcy Rule 9006(b)(1). *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 388 (1993). Rule 9006(b)(1) does not apply to determinations of whether to extend deadlines under Rules 4004 or 4007, however. Fed. R. Bankr. P. 9006(b)(3). Rules 4004 and 4007 make no mention of "excusable neglect." Further, unlike motions to allow late filing under Rule 9006 for "excusable neglect," motions for extension of time under Rules 4004 or 4007 must be filed prior to the expiration of the sixty day deadline; there is no provision in those rules permitting filing after the deadline has passed absent a timely-filed motion for extension of time. While *Kontrick* allows these deadlines to be subject to equitable defenses, as far as I know, "excusable neglect" is not an equitable defense. Thus, Mr. Mirmingos may not argue "excusable neglect" as a defense to Mr. Benjamin's motion to dismiss for untimely filing, and the

bankruptcy court did not err in refusing to consider that defense. (Tr. of Nov. 12 Proceedings at 9.)

While *Kontrick* permits plaintiffs to assert equitable defenses in opposition to a motion to dismiss an adversary complaint for untimely filing, the bankruptcy court here did not err in finding that there did not exist any grounds, equitable or otherwise, for excusing Mr. Mirmingos' late filing. The order of the bankruptcy court dismissing the adversary complaint is AFFIRMED. Mr. Benjamin argues that there was no basis for filing this appeal, and that he is therefore entitled to attorneys' fees in connection with preparation of his response brief. While I found that the bankruptcy court did not err, an appeal from its decision was not frivolous. Mr. Benjamin provides no authority requiring the payment of attorneys' fees in this case, and his request is consequently DENIED.

ENTER ORDER:

*Elaine E. Bucklo*

**Elaine E. Bucklo**
United States District Judge

Dated: January 30, 2003